No. 365
HORLOCKER, In re. BECKER, In re
Ohio Appeals. Darke County
Nos. 165, 166. Feb. 14, 1924
601. HABEAS CORPUS—Writ will lie in a criminal case only where the order of arrest and committment are absolutely void.

ALLREAD, J. Epitomized Opinion
Published Only in Ohio Law Abstract

Henry Becker and Orville Horlocker, being in prison under order of a lower court, petitioned to be released upon writs of habeas corpus. They were defendants in criminal cases in which the affidavits each contained two grounds of offense. The defendant in each case pleaded guilty and was sentenced to pay a fine of $500 and costs. The Court of Appeals held:

A writ of habeas corpus will lie only in a criminal case where the order of arrest and committment are absolutely void. These orders of arrest and committment are not absolutely void. Upon a motion to set aside the judgment and sentence the evidence as to the irregularity of the judgment could have been taken and the question reviewed on error. Since the magistrate had full jurisdiction, his judgment cannot be attacked collaterally. Petitions dismissed.

Attorneys—Mannix, Crawford, Billingsley, for Becker and Horlocker; Oral J. Mtyers, Pros. Atty., for State.

No. 366
SISSLER REALTY CO. v. PAPP
Ohio Appeals, 8th Dist., Cuyahoga County
No. 4931. Decided March 20, 1924
997. REAL ESTATE—Rule that real estate agent must find person ready and willing to buy, is satisfied if prospective buyer agrees to buy, then later refuses.
460. EQUITY—Contract for sale of both personalty and realty will be specifically enforced.

SAYRE, J. Epitomized Opinion
Published Only in Ohio Law Abstract

Action to recover a real estate commission. The evidence disclosed that the person who agreed to buy the property later refused and the deal was not consummated. The jury returned a verdict for Papp, who was claiming the commission, and judgment was rendered thereon. It was also contended that no binding contract was entered into because there could be no specific performance of an agreement to sell both personalty and realty. In affirming the judgment the Court of Appeals held:

1. Having once agreed to purchase and invested plaintiff with the right to his commission, the purchaser could not defeat such right by deciding later to withdraw from the contract.

2. "When personal property is mingled with an agreement for sale of realty, the court will decree specific performance of the entire contract."

Attorneys—F. W. Emslie and R. L. Carr, for Sissler Realty Co.; Treadway & Marlatt and P. P. Cunningham, for Papp; all of Cleveland.